# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASEY DOOLEY, | : | No. 3:18cv1310 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| JOHN E. WETZEL, Secretary of | : | |
| The Pa. D.O.C., et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (hereinafter "R&R") which suggests the dismissal of Plaintiff Casey Dooley's complaint as frivolous. Both the plaintiff and the defendants have filed objections to the R&R, and it is ripe for decision.

**Background**

Plaintiff is a state court prisoner serving a sentence of 102 ½ to 205 years for attempted murder, aggravated assault, reckless endangerment and possession of an instrument of crime. The jury found plaintiff "guilty but mentally ill" regarding these crimes. Plaintiff is serving his sentence at the State Correctional Institution – Huntingdon, Pennsylvania (hereinafter SCI-Huntingdon).

Plaintiff filed the instant lawsuit regarding whether the correctional institution should designate him as a "D Code" inmate which would allow him to

receive unspecified mental health treatment.[1]  He indicates that in failing to designate him as a "D Code" inmate, the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

The defendants filed a motion to dismiss/motion for summary judgment regarding whether the plaintiff had exhausted his administrative remedies prior to bringing suit.  The magistrate judge concluded that the plaintiff had sufficiently exhausted.  The magistrate judge, however, reviewed the complaint and suggests dismissing it as frivolous and for failure to state a claim.  Both parties have objected.

The defendants object on the basis that the case should have been dismissed for failure to exhaust administrative remedies.  The plaintiff agrees with the R&R's analysis of the exhaustion issue but argues that the complaint should not be dismissed as frivolous.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

---

[1] The exhibits that the defendants have submitted set forth the prison's position on the merits of this claim.  The prison indicates that plaintiff was found guilty but mentally ill.  After the verdict, however, the judge entered a temporary sentencing order pending a psychiatric evaluation to address the guilty but mentally ill verdict.  The evaluation's results did not support the guilty but mentally ill designation and it was deleted from the trial court's final sentencing order.  (Doc. 6-1, Gov't Ex. at 47 of 58).

As plaintiff brings suit pursuant to the Civil Rights Act, 42 U.S.C. § 1983, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

As noted above, both parties have filed objections. The government has objected to the finding that the plaintiff has exhausted his administrative remedies. The plaintiff has objected to the recommendation that the case be dismissed as frivolous. We will discuss the plaintiff's objections first, because if the case should be dismissed as frivolous then the issue of exhaustion is moot.

**I. Plaintiff's objections**

3

When a prisoner files a complaint seeking redress from a governmental entity or an officer or employee thereof, the court must screen the complaint to determine if it is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1); 28 U.S.C § 1915(e)(2)(B)(i); and 28 U.S.C. § 1915(e)(2)(B)(ii).  "Frivolous" is defined as an action that "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In assessing a complaint for frivolousness, we examine it "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995).

To dismiss a claim under section 1915A for failure to state a claim, we apply the same standard as we do under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012).

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a

4

reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

Here, plaintiff asserts a violation of his civil rights and brings suit pursuant to 42 U.S.C. § 1983. To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not, by its own terms, create substantive rights. Rather, it only provides remedies for deprivations of rights established elsewhere in the

5

Constitution or federal laws. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).

Here, with regard to the first element, plaintiff asserts a claim against state actors, i.e., the Secretary of the Pennsylvania Department of Corrections, the Superintendent of SCI-Huntingdon, and a Licensed Psychological Manager at the prison. With regard to the second element, he asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted). Such necessities include food, clothing, shelter, medical care and reasonable safety. Tillman v. Lebanon Cnty Correctional Facility, 221 F.3d 410, 418 (3d Cir. 2000). Here, plaintiff does not allege that he is being denied basic needs. Rather, plaintiff claims it is cruel and unusual punishment to not designate him as a "D Code" inmate so that he may receive unspecified mental health treatment.[2] We find that this allegation does

---

[2] Plaintiff's objections indicates: "The 'D' Code is specifically for those inmates suffering from mental health problems. It provides for a completely different social setting, it provides for special sessions and interaction groups, it also

not rise to the level of an Eighth Amendment claim, and thus plaintiff's complaint is frivolous under the law.

Moreover, a plaintiff's civil rights complaint must set forth the conduct, time, place and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). To be liable for a civil rights violation, a named defendant must have been personally involved in the events underlying the claim as a defendant may not be held responsible under a respondeat superior theory. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Id.

In the instant case, plaintiff has sued the following defendants: John E. Wetzel, Secretary of the Pennsylvania Department of Corrections; Kevin Kauffman, Superintendent of SCI-Huntingdon; and Richard A. Goss, Licensed Psychologist Manager - Mental Health. (See Doc. 1-1, Compl.)

---

requires staff to handle a 'D' Code inmate [differently] and to take into account the 'D' Code when the inmate makes a mistake and violates the general rules of the prison. In addition it also has set up a DTU-Unit for house 'D' Code inmates for certain specific reasons concerning infractions of the prison rules." (Doc. 16, Pl.'s Obj. at 3-4).

The R&R notes that a review of each of the defendants reveals that they did not have personal involvement and cannot be held liable for a violation of the plaintiff's civil rights. For example, Defendants Goss and Kaufmann had a role in investigating and denying plaintiff's grievance regarding his placement. (See Doc. 6-1, Gov't Ex. at 47 of 58 (indicating that Defendant Goss spent considerable time researching the issue for the grievance officer) and at 48 of 58 (indicating that Kaufmann reviewed the grievance and appeal)). The law provides that a prison official's investigation or ruling on a grievance is not sufficient to amount to "personal involvement" and potential liability. Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006). The complaint further alleges nothing in the way of personal involvement by Defendant Wetzel, the statewide director of the Department of Corrections.

Accordingly, the R&R suggests dismissing the case as frivolous. Plaintiff objects. First, the plaintiff objects to some factual findings in the R&R regarding whether the Court of Common Pleas held a hearing regarding his mental health after his sentencing. We find this objection irrelevant to the ultimate conclusions of the R&R and thus the objection will be overruled as moot.

The plaintiff also argues that the Director of the Pennsylvania Department of Corrections is aware of his predicament and should order that he be approved for the "D" Code program. We agree, however, with the R&R which notes that

"[t]here is no allegation whatsoever in the complaint to suggest any personal involvement by defendant Wetzel." (Doc. 10, R&R at 21). Plaintiff also indicates that the other defendants had personal involvement in the alleged deprivation of his rights. As set forth above, however, this argument is not convincing.

Thus, we find no merit to the plaintiff's objections, and they will be overruled. The plaintiff's complaint will be dismissed as frivolous.

**II. Defendant's objections**

The R&R concludes that the plaintiff had properly exhausted his administrative remedies. The defendants object to this conclusion. As we have found that the complaint should be dismissed as frivolous, it does not matter whether the plaintiff exhausted his remedies or not and this objection will be overruled as moot.

**Conclusion**

For the reasons set forth above, the plaintiff's objections to the R&R will be overruled and this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c). This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g) and the accumulation of additional strikes for filing frivolous law suits may bar plaintiff from proceeding *in forma pauperis* in later cases absent a

showing of imminent danger. The defendants' objections will be denied as moot. An appropriate order follows.

                                                        **BY THE COURT:**

**Date: March 5, 2019**                                **s/ James M. Munley**
                                                                       **JUDGE JAMES M. MUNLEY**
                                                                        **United States District Court**