UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


CIVIL DIVISION


| | | |
|---|---|---|
| CASEY DOOLEY, | § | NO. 3:18-cv-1310 |
| PLAINTIFF | | |
| | | |
| V. | § | **AMENDED PRISONER CIVIL RIGHTS COMPLAINT** |
| | | **42 U.S.C. § 1983** |
| JOHN E. WETZEL, SECRETARY OF THE PA. D.O.C. | § | **(As Per Court Order)** |
| AND | | |
| MS. JESSICA COUSINS, PMHNP-BC | § | JURY TRIAL DEMANDED |
| AND | | **FILED SCRANTON** |
| RICHARD A. GOSS LPM | § | DEC 3 0 2020 |
| AND | | PER _____ DEPUTY CLERK |
| MR. SISTO MHS | § | |
| AND | | |
| MS. McMANNON, PSS | § | |


PRISONER CIVIL RIGHTS COMPLAINT

42 U.S.C. § 1983

EIGHT AMENDMENT VIOLATION

THE PLAINTIFF IN THIS ACTION IS A PRISONER WHO IS SITUATED AND INCARCERATED IN SCI-HUNTINGDON, AT 1100 PIKE STREET, HUNTINGDON, PENNSYLVANIA, 16654-1112.  THE PLAINTIFF'S PRISONER NUMBER IS **FB7702.**

## DEFENDANTS

THIS IS AN ONGOING VIOLATION EVEN TO THIS DAY.

THE DEFENDANT'S ARE: JOHN E. WETZEL, THE SECRETARY OF THE PA. DEPARTMENT OF CORRECTIONS, WHO HAS DIRECT RESPONSIBILITY FOR THE OPERATIONS OF SCI-HUNTINGDON.

THE DEFENDANT MS. JESSICA COUSINS, IS EMPLOYED IN THE MENTAL HEALTH DEPARTMENT AT SCI-HUNTINGDON AS A **PMHNP-BC.**

THE DEFENDANT RICHARD A. GOSS, IS EMPLOYED IN THE MENTAL HEALTH DEPARTMENT AT SCI-HUNTINGDON AS A **LPM.**

**THE** DEFENDANT MR. SISTO IS EMPLOYED IN THE MENTAL HEALTH DEPARTMENT AT SCI-HUNTINGDON AS A **MHS.**

THE DEFENDANT MS. McMANNON IS EMPLOYED IN THE MENTAL HEALTH DEPARTMENT AT SCI-HUNTINGDON AS A **PSS.**

## PREVIOUS LAWSUITS

PRIOR TO FILING THIS LAWSUIT I HAVE NOT FILED ANY PREVIOUS LAWSUITS IN ANY COURT. I HAVE TRIED TO SETTLE ANY DIFFERENCES WITHIN THE GRIEVANCE SYSTEM, BUT REGARDING THIS INSTANT ISSUE, THE DEFENDANT'S REFUSE TO ACCEPT THE FACT THAT THE JURY FOUND ME GUILTY BUT MENTALLY ILL, AND HAVE DEPRIVED ME OF THE MENTAL HEALTH PROGRAMS AVAILABLE

TO [D] CODE PRISON INMATES. (Inmates suffering from mental health problems).

I HAVE ATTACHED TO THIS COMPLAINT THE TRANSCRIPT PAGES THAT DO SET FORTH THAT THE JURY FOUND ME GUILTY BUT MENTALLY ILL. **SEE THE ATTACHED *APPENDIX [A] & [B].** THERE IS NO QUESTION THAT THE JURY FOUND ME GUILTY BUT MENTALLY ILL. *APPENDIX [A] & [B].

**APPENDIX [A-2]** (TRANSCRIPT): ATTORNEY EVERETT GILLISON, COUNSEL FOR PLAINTIFF CASEY DOOLEY STATES ON THE RECORD-->THE FINDING OF GUILTY, BUT MENTALLY ILL BY THE JURORS, WE SHOULD AT LEAST PAY ATTENTION TO THE MENTAL HEALTH FINDING.    THE JUDGE STATED ON THE RECORD:-->I HAVE CONSIDERED THAT, AND REALIZE THAT THE DEFENDANT NEEDS SOME PSYCHIATRIC ASSISTANCE. **APPENDIX [A-2].**

**IN SPITE OF THE PROOF OF THE JURY VERDICT**

(1)    THE DEFENDANT'S ASSERT THAT I WAS NOT FOUND GUILTY BY THE JURY OF THE FOLLOWING VERDICT: GUILTY BUT MENTALLY ILL.

THE TRANSCRIPT AND JURY VERDICT PROVE I WAS FOUND GUILTY BUT MENTALLY ILL.

(2)    THE DEFENDANT'S ALLEGE THAT THE JUDGE CHANGED THE VERDICT CONCERNING -->GUILTY BUT MENTALLY ILL.

THAT IS ABSOLUTELY FALSE AND NEVER HAPPENED.

(3)    AS A RESULT THE DEFENDANT'S REFUSE TO CLASSIFY ME AS A [D] **CODE**, WHICH WOULD PROVIDE ME WITH ADDITIONAL MENTAL HEALTH CARE.

<u>DEFENDANT JOHN E. WETZEL:</u> SECRETARY OF THE PA. D.O.C..

I HAVE NOTIFIED THE DEFENDANT WETZEL BY UTILIZING <u>FORM DC-135 A</u>, OF THE FACT THAT THE POLICY HE DRAFTED (POLICY 13.8.1 - SECTION 2-25 (GUILTY BUT MENTALLY ILL INMATES (GBMI)) WAS NOT BEING ADHERED TO AT SCI-HUNTINGDON.

SPECIFICALLY, DEFENDANT WETZEL WAS NOTIFIED BY ME THAT THE MENTAL HEALTH STAFF MEMBERS HERE AT HUNTINGDON WERE IGNORING MY PROOFS SUBMITTED TO THEM, <u>AND COPIES SENT TO DEFENDANT WETZEL,</u> THAT <u>I WAS FOUND GUILTY BUT MENTALLY ILL BY A JURY</u> IN THE COMMON PLEAS COURT IN PHILADELPHIA COUNTY ON JUNE 6, 2002, AND THAT I WAS SENTENCED ON AUGUST 15, 2002. I PROVIDED THE TRANSCRIPT PAGES THAT SHOW THE JURY VERDICT (GBMI) AND THE SENTENCING PAGES OF THE SAID AUGUST 15, 2002 SENTENCING. THE JUDGE STATED AT SENTENCING THE FOLLOWING: "I HAVE CONSIDERED THAT, AND REALIZE THAT THE DEFENDANT NEEDS SOME PSYCHIATRIC ASSISTANCE". (EVEN A LAYMAN, NOT A DOCTOR, WAS ABLE TO IDENTIFY THAT I NEEDED MENTAL HEALTH PSYCHIATRIC ASSISTANCE; IT WAS OBVIOUS).

DEFENDANT WETZEL WAS PROVIDED ALL OF THIS INFORMATION AND I DID UTILIZE FORM DC-135 A WITH THE ATTACHMENTS AS MENTIONED ABOVE. I NOTIFIED DEFENDANT WETZEL THAT I HAD FALLEN THROUGH THE CRACKS OF THE SYSTEM AT HUNTINGDON AND THAT HIS POLICY 13.8.1 SECTION 2-25 WAS NOT BEING ADHERED TO, AND THAT WITHOUT THE [D] CODE NONE OF THE EXPANSIVE MENTAL HEALTH PROGRAMS WOULD BE AVAILABLE TO ME.

4.

DEFENDANT WETZEL FAILED TO TAKE ANY ACTION TO CORRECT THIS PROBLEM AND TO HAVE THE SCI-HUNTINGDON STAFF, THAT ARE UNDER HIS SUPERVISION, HAVE THE [D] CODE AND THE EXPANSIVE MENTAL HEALTH PROGRAMS THAT COME WITH THE [D] CODE, MADE AVAILABLE TO ME.

DEFENDANT JESSICA COUSINS IS A MENTAL HEALTH STAFF EMPLOYEE AT SCI-HUNTINGDON. I HAD NUMEROUS CONVERSATIONS WITH DEFENDANT COUSINS CONCERNING MY SITUATION AND THAT I WAS BEING DENIED THE EXPANSIVE MENTAL HEALTH PROGRAMS THAT BECOME AVAILABLE WITH THE [D] CODE DESIGNATION. I EXPLAINED TO HER THAT I WAS FOUND GUILTY BY A JURY AND THAT THE VERDICT WAS GUILTY BUT MENTALLY ILL. (GBMI). THAT THE COURT RECORDS SHOW, ABSOLUTELY, THAT THE VERDICT WAS (GBMI) BY THE JURY AND THAT DURING THE SENTENCING ON AUGUST 15, 2002, THE TRANSCRIPTS SHOW THAT THE JUDGE ACKNOWLEDGED THIS AND STATED THAT I NEED SOME PSYCHIATRIC ASSISTANCE. I ALSO SENT HER A FORM DC-135 A-requesting the-[D] CODE. DEFENDANT COUSINS DID NOT ACT TO ASSIST ME WITH MY MENTAL HEALTH PROBLEMS AND HAVE THE [D] CODE DESIGNATION MADE AVAILABLE TO ME. I HAVE BEEN DENIED THE MENTAL HEALTH PROGRAMS THAT WOULD HAVE BEEN OF ASSISTANCE TO MY MENTAL HEALTH PROBLEMS. I MADE HER AWARE OF MY MENTAL HEALTH PROBLEMS. NOTHING WAS DONE TO HAVE THE [D] CODE DESIGNATION AND THE SPECIAL MENTAL HEALTH PROGRAMS MADE AVAILABLE TO ME BY DEFENDANT COUSINS.

I INFORMED DEFENDANT COUSINS THAT I WAS SUFFERING DEPRESSION, PAIN, TRAUMA, LACK OF SLEEP, NIGHMARES, PARANOIA.

5.

DEFENDANT MR. SISTO IS A MENTAL HEALTH STAFF EMPLOYEE AT SCI-HUNTINGDON. I HAVE HAD NUMEROUS CONTACTS WITH MR. SISTO CONCERNING MY MENTAL HEALTH SITUATION AND THE [D] CODE, AS WELL AS THE MANY MENTAL HEALTH PROGRAMS THAT WOULD BE AVAILABLE TO ME IF I WAS DESIGNATED AS A [D] CODE.  **DEFENDANT SISTO,** INSISTED THAT I WAS NOT FOUND GUILTY‖OR DESIGNATED AS A (GBMI)‖ BY THE JURY AS <u>GUILTY BUT MENTALLY ILL. *THAT NO COURT RECORD SHOWS THAT I WAS FOUND GUILTY BUT MENTALLY ILL. *THEREFORE DEFENDANT SISTO INSISTED I WAS NOT A (GBMI) SENTENCED INMATE.</u> I WROTE TO DEFENDANT SISTO ON A FORM <u>135 A</u>  AND ATTACHED THE TRANSCRIPT PAGES SHOWING THE VERDICT. (GBMI). STILL NOTHING WAS DONE TO ASSIST ME IN THIS MATTER BY DEFENDANT SISTO.

<u>DEFENDANT GOSS</u> (RICHARD A. GOSS)**(LPM)**, IS/WAS EMPLOYED, DURING THE TIMES RELEVANT TO THIS MATTER, BY THE MENTAL HEALTH STAFF AT SCI-HUNTINGDON.  DEFENDANT GOSS AND I HAD NUMEROUS DISCUSSIONS CONCERNING MY [D] CODE STATUS ISSUE.  DEFENDANT GOSS "INSISTED" THAT I WAS NOT A <u>GUILTY BUT MENTALLY ILL-SENTENCED PRISONER.</u>  HE FURTHER STATED THAT THE SENTENCING JUDGE **"<u>CHANGED THE VERDICT</u>"**-->REMOVING THE (GBMI) AND MAKING MY SENTENCE SIMPLY GUILTY. I TOLD HIM THAT WAS NOT TRUE NOR WAS IT FACTUAL. I SHOWED HIM THE SENTENCING TRANSCRIPT AND THE JURY VERDICT THAT CLEARLY SHOWS THE (GBMI) VERDICT. HIS POSITION WAS THAT TRANSCRIPT COULD BE SOMETHING I MADE UP. HIS ATTITUDE TOWARDS ME WAS NOT PROFESSIONAL AND WAS NOT AT ALL FRIENDLY. I ALSO WROTE HIM ON A <u>FORM DC 135 A</u>  -  BUT WAS TOLD THAT THE COURT RECORDS SHOWED THE JUDGE CHANGED THE VERDICT FROM‖GBMI‖-->TO JUST GUILTY.

I INFORMED HIM THAT WAS IMPOSSIBLE BECAUSE THE JURY FOUND ME GUILTY BUT MENTALLY ILL AND AT SENTENCING THE JUDGE STATED THAT I NEEDED PSYCHIATRIC ASSISTANCE.  DEFENDANT GOSS WAS NOT INTERESTED IN TAKING ME SERIOUS AND IGNORED MY REQUESTS TO BE [D]CODE DESIGNATED. THEREFOR I WAS DENIED THE MENTAL HEALTH PROGRAMS THAT WOULD BE MADE AVAILABLE TO ME IF I WAS [D] CODE DESIGNATED. *AT ALL TIMES HIS POSITION WITH ME WAS THAT I WAS NOT SENTENCED AS A GBMI DEFENDANT, BY THE COURT, NOR FOUND GUILTY AS A GBMI DEFENDANT, BY THE JURY. THAT WAS "ALWAYS" HIS POSITION WITH ME.

DEFENDANT MS. McMANNON IS A MENTAL HEALTH STAFF EMPLOYEE AT SCI-HUNTINGDON.  I ASKED HER FOR ASSISTANCE CONCERNING THE [D] CODE MENTAL HEALTH CLASSIFICATION. I ALSO WROTE TO HER ON A FORM 135 A, CONCERNING THIS ISSUE. AT ALL TIMES SHE TOOK THE IDENTICAL POSITION AS DEFENDANT GOSS. SHE TOLD ME THAT I WAS NOT FOUND GUILTY BUT MENTALLY ILL AND THAT THE JUDGE HAD CHANGED THE VERDICT TO SIMPLY GUILTY. I EXPLAINED THE JURY FOUND ME GUILTY BUT MENTALLY ILL. THE JUDGE COULD NOT CHANGE THE VERDICT OF THE JURY, AND THAT THE JUDGE DID STATE THAT I NEEDED PSYCHIATRIC ASSISTANCE;  SEE APPENDIX [A]-1 & [A]-2.

DEFENDANT McMANNION SIMPLY ADOPTED DEFENDANT GOSS'S POSITION AND REFUSED TO ASSIST ME IN THIS MATTER. SHE REFUSED TO HELP ME WITH THIS MENTAL HEALTH ISSUE.

THE CONSTANT PROBLEM THROUGHOUT WAS THIS:

THE DEFENDANTS REFUSED TO BELIEVE THAT I WAS FOUND GUILTY BY A JURY TO GUILTY BUT MENTALLY ILL AND THAT I WAS SENTENCED AS (GBMI).

BECAUSE OF THIS DELIBERATE INDIFFERENCE TO MY SERIOUS MENTAL HEALTH

NEEDS, EVEN THOUGH I DID EVERYTHING POSSIBLE TO SEEK HELP, FOR MY

MENTAL HEALTH PROBLEMS FROM THE DEFENDANTS, I HAVE LAID OUT A VALID

CLAIM AS TO THE DEFENDANT'S VIOLATING MY EIGHT AMENDMENT RIGHTS. SEE

ESTELLE V. GAMBLE, 429 U.S. 97, 106 (1976); COLBURN V. UPPER DARBY,

946 F.2D 1017, 1023 (3D CIR. 1991), MITCHELL V. HORN, 318 F.3D 523

AT 530 (THE FACTS SUPPORTING MY EIGHT AMENDMENT CLAIM ARE NOT BASELESS,

FANTASTIC, OR DELUSIONAL).

I MADE SPECIFIC ASSERTIONS TO EACH DEFENDANT. I ASSERTED A MEDICAL

NEED IN THE FORM OF SERIOUS MENTAL HEALTH PROBLEMS. SPECIFICALLY, I

*INFORMED THE DEFENDANTS, EACH AND EVERY ONE OF THEM, THAT I SUFFERED

DEPRESSION, PAIN, TRAUMA, LACK OF SLEEP, CONSTANT NIGHTMARES, EXTREME

PARANOIA, AND OTHER MENTAL HEALTH ISSUES. ANY LAY PERSON WOULD SEE

THAT I NEEDED MENTAL HEALTH ASSISTANCE SUCH AS THE [D] CODE WOULD

PROVIDE. PALAKOVIC V. WETZEL, 854 F.3D 209, 222, 227 (3D CIR. 2017):

INMATES OF THE ALLEGHENY CTY JAIL V. PIERCE, 612 F. 2D 754, 763 (3D

CIR. 1979).

MY NIGHTMARES, DEPRESSION, LACK OF SLEEP AND EXTREME PARANOIA,

CONTINUE TO CAUSE ME ENORMOUS SUFFERING. CONTINUING ENORMOUS SUFFERING.

IN ADDITION TO DEMONSTRATING THAT A JURY RECOGNIZED MY MENTAL

ILLNESS, THE GBMI VERDICT DID SHOW THAT THE *MENTAL HEALTH NEEDS THAT

WERE RECOGNIZED BY LAY JURORS WERE SERIOUS ENOUGH TO REQUIRE, UNDER

CURRENT DOC POLICY, AT THE VERY LEAST, TEMPORARY [D] CODE STATUS AND

REGULAR PSYCHIATRIC EVALUATION. § 13.8.1(2)(J)(1)(b)(2), (3).

HOWEVER, THAT WAS NOT AFFORDED TO ME. INSTEAD THE DEFENDANTS, ALTHOUGH EACH AND EVERY ONE OF THEM, WAS CONTACTED BY ME, AND MY REQUEST FOR A [D] CODE DESIGNATION AND THE MENTAL HEALTH PROGRAMS THAT COME WITH THE [D] CODE, EACH OF THE DEFENDANTS DENIED TO HELP ME WITH MY MENTAL HEALTH [D] CODE REQUESTS.

AS OF TODAY, THE DEFENDANT'S CONTINUE TO DENY ME THE [D] CODE STATUS/DESIGNATION.  THE DEFENDANT'S POSITION IS THAT I WAS NOT FOUND GUILTY BUT MENTALLY ILL (GBMI) AND THE JUDGE CHANGED THE VERDICT. THEY REFUSE TO BELIEVE THAT THE JUDGE HIMSELF, STATED AT THE SENTENCING HEARING, THAT-->I NEEDED PSYCHIATRIC ASSISTANCE. SEE EXHIBIT/APPENDIX [A]-2.

THE JURY RECOGNIZED I NEEDED PSYCHIATRIC ASSISTANCE WHEN THEY FOUND ME GUILTY BUT MENTALLY ILL (GBMI).  **SEE** APPENDIX [A]-1.

Both the JURY MEMBERS AND THE JUDGE ARE LAY PEOPLE, NOT MEDICAL PROFESSIONALS, AND THEY RECOGNIZED MY MENTAL HEALTH NEED FOR PSYCHIATRIC ASSISTANCE. YET THE DEFENDANTS, HERE, REFUSED TO ACKNOWLEDGE THIS NEED OF MINE FOR [D] CODE DESIGNATION. SEE THE POLICY § 13.8.1(2)(J)(1)(b)(2), (3). (DOC POLICY).

THE DEFENDANT'S ONLY REASON FOR DENYING ME THE [D] CODE STATUS WAS-->THAT THE JUDGE, THEY CLAIM, CHANGED THE VERDICT.  THAT CLAIM OF THEIRS SHOWS HOW OUTRAGEOUS THE DEFENDANT'S ACTIONS AGAINST ME WERE. A JUDGE CANNOT CHANGE A VERDICT OF THE JURY AND HERE, THE JUDGE NEVER EVEN TRIED TO DO SUCH AN ACT.

9.

I WAS FOUND <u>GUILTY BUT MENTALLY ILL</u> (GBMI) AND, FOR THE RECORD, <u>THE JUDGE, AT SENTENCING, STATED THAT I NEED--PSYCHIATRIC HELP.</u>

THE DEFENDANTS DID VIOLATE MY EIGHT AMENDMENT RIGHT AND THE DEFENDANT'S ACTIONS AS DESCRIBED IN THIS COMPLAINT, DOES SUPPORT A LEGALLY VALID EIGHT AMENDMENT CLAIM.

THE PLAINTIFF HAS SUFFERED MENTAL HEALTH TRAUMA, AS A RESULT OF THE DEFENDANTS OUTRAGEOUS ACTIONS, AGAINST PLAINTIFF, AS DESCRIBED IN THIS COMPLAINT.

<u>THE PLAINTIFF SEEKS A JURY TRIAL.</u>

<u>RELIEF</u>

THE PLAINTIFF SEEKS PUNITIVE DAMAGES AGAINST EACH OF THE NAMED DEFENDANTS FOR $20,000.

THE PLAINTIFF SEEKS COMPENSATORY DAMAGES AGAINST EACH OF THE NAMED DEFENDANTS FOR $100,000 JOINTLY.

THE PLAINTIFF SEEKS ANY OTHER RELIEF THAT THE COURT DECIDES THE PLAINTIFF IS ENTITLED TO.

I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT UNDER PENALTY OF PERJURY.

DATE: 12/20/ ,2020               BY: _____

CASEY DOOLEY  FB7702
1100 PIKE STREET
HUNTINGDON, PA. 16654-1112

# *APPENDIX*



0103127.JT5

1

```
 1
 2            IN THE COURT OF COMMON PLEAS
        FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
 3               CRIMINAL TRIAL DIVISION
 4
        COMMONWEALTH           :  MARCH TERM, 2001
 5
            - vs -             :  NO.  1227  1/1
 6
        CASEY DOOLEY           :
 7
 8      COMMONWEALTH           :  MARCH TERM, 2001
 9          - vs -             :
10      CASEY DOOLEY           :  NO.  1243  1/1
11
                              - - -
12
                    June 6, 2002
13        Courtroom 804, Criminal Justice Center
                 Philadelphia, Pennsylvania
14                            - - -
15
       BEFORE:  HONORABLE RAYFORD A. MEANS, J.
16                and a Jury
                              - - -
17
18
        APPEARANCES:
19
            EDWARD MC CANN, ESQUIRE
20          DEBORAH ROBINSON, ESQUIRE
            Assistant District Attorneys
21          For the Commonwealth
22          EVERETT GILLISON, ESQUIRE
            VINCENT CORRIGAN, ESQUIRE
23          For the Defendant
24                            - - -
25      JURY CHARGE and VERDICTS
```

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

---

0103127.JT5

2

```
 1                (In the robing room as follows:)
 2                              - - -
 3            MR. MC CANN:  They gave you one which I
 4       don't think you should give, so we should
 5       talk about that.
 6            THE COURT:  I'm going to give standard
 7       charge.
 8            MR. GILLISON:  What happens is the
 9       standard charge does not provide for this
10       prong of it because this is actually what
11       we're asking for, and Mr. Mr. McCann's
12       actually same language.
13            THE COURT:  Here's the standard charge
14       I'm going to give.  What are you trying to
15       add to this?
16            MR. GILLISON:  What I'm adding is,
17       first off, this is in the form of a
18       curative instruction that we're
19       requesting.
20            THE COURT:  That we did yesterday,
21       which I denied yesterday.
22            MR. GILLISON:  You said I would be able
23       to bring it back up, so this is a review,
24       and I'm asking that you first reconsider
25       the motion for the material.  If you deny
```

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

01031227.JTS

71

1 of the elements which I have stated, you

2 should find the defendant guilty of

3 recklessly endangering another person,

4 otherwise, you must find the defendant not

5 guilty.

6 With that, I have defined and answered

7 your questions. I ask you to return back

8 to the jury deliberation room.

9 (Whereupon, the jury exits the

10 courtroom to deliberate.)

11 THE COURT: Back on the record. Got a

12 second question from the ladies and

13 gentlemen of the jury. The question is

14 possession of an instrument of crime which

15 written down twice. Please clarify which

16 instrument these charges refer to.

17 Now, where is it written down?

18 Is it written with anybody's charge

19 under any -- what bill numbers for FIC,

20 possession on instrument of crime. See if it

21 says handgun.

22 THE CLERK: Bill 21 says firearm.

23 THE COURT: Bill 21 says firearm.

24 THE CLERK: Bill 29 says firearm.

25 THE COURT: Okay. Bring them out.

ROBIN ROBBIE, RPR
OFFICIAL COURT REPORTER

01031227.JTS

72

1 MR. GILLISON: Do you want to just say

2 that it's an error, it's one possession of

3 an instrument of crime?

4 THE COURT: It's just one?

5 MR. MC CANN: That's fine.

6 MR. GILLISON: We can send a note. We

7 don't have to bring them out.

8 MR. MC CANN: One charge.

9 THE COURT: You want to say it's a

10 clerical error, disregard one?

11 Okay. Tari, go tell them -- as a

12 matter of fact, take the verdict sheet and

13 cross out the second FIC.

14 MR. MC CANN: That's fine.

15 MR. GILLISON: Right. Cross out the

16 second one.

17 THE COURT: Knock on the door and cross

18 it out. Okay? We'll agree.

19 (Pause.)

20 It's been reported that there's a

21 verdict. We ask all parties, regardless

22 of whose side of the room you're sitting

23 on, no matter what your state in the case,

24 please control your emotions. Do not

25 tolerate any outburst. Whether you

ROBIN ROBBIE, RPR
OFFICIAL COURT REPORTER

0103122T.JTS

1    disagree or agree with the verdict, please
2    celebrate that out in the streets and not
3    here in this courtroom. The Court will
4    take very seriously hold anyone in
5    contempt who violates these orders. We
6    must have law and order in the courtroom.
7    We must respect the jury verdict. We will
8    now bring the verdict and jury out into
9    the room.
10
11          (Whereupon, the jury enters the
12   courtroom.)
13          THE CRIER: Jurors, have you reached a
14   verdict?
15          THE FOREPERSON: Yes.
16          THE CRIER: Have all twelve agreed?
17          THE FOREPERSON: Yes.
18          THE CRIER: Foreperson, please rise.
19   On this bill of information 1243, March
20   term of 2001 charging defendant Cassy
21   Dooley with aggravated assault on Joseph
22   Connell, how say you?
23          THE FOREPERSON: Guilty.
24          THE CRIER: On attempt murder?
25          THE COURT: Whoa, whoa.
     THE FOREPERSON: Guilty but mentally

                    ROBIN BOBBIE, RPR
                 OFFICIAL COURT REPORTER

73

0103122T.JTS

1    ill.
2          THE COURT: On attempt murder on Joseph
3    Connell?
4          THE FOREPERSON: Guilty but mentally
5    ill.
6          THE CRIER: On recklessly endangering
7    another person on Pedro Agront?
8          THE FOREPERSON: Guilty but mentally
9    ill.
10         THE CRIER: On aggravated assault on
11   Randy Salvati?
12         THE FOREPERSON: Guilty but mentally.
13         THE CRIER: Attempt murder on Randy
14   Salvati?
15         THE FOREPERSON: Guilty mentally ill.
16         THE CRIER: Agg. assault on Josephine
17   Leary?
18         THE FOREPERSON: Guilty but mentally
19   ill.
20         THE CRIER: Attempt murder on Josephine
21   Leary?
22         THE FOREPERSON: Guilty but mentally
23   ill.
24         THE CRIER: Possession of an instrument
25   of crime?

                    ROBIN BOBBIE, RPR
                 OFFICIAL COURT REPORTER

74

0103122T.JTS

1  THE FOREPERSON: Guilty but mentally
2  ill.
3  THE CRIER: Aggravated assault on
4  Nicole Gaskins?
5  THE FOREPERSON: Guilty but mentally
6  ill.
7  THE CRIER: Attempt murder on Nicole
8  Gaskins?
9  THE FOREPERSON: Guilty but mentally
10 ill.
11 THE CRIER: Aggravated assault on Dean
12 Lockhart?
13 THE FOREPERSON: Guilty but mentally
14 ill.
15 THE CRIER: Attempt murder on Dean
16 Lockhart?
17 THE FOREPERSON: Guilty but mentally
18 ill.
19 THE CRIER: Your Honor, jurors have
20 found the defendant Casey Dooley guilty.
21 May the verdict be recorded?
22 THE COURT: We'll poll the jury?
23 MR. GILLISON: No.
24 THE COURT: No polling?
25 MR. GILLISON: No request.

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

75

---

0103122T.JTS

1  THE COURT: Okay. No polling the jury.
2  THE CRIER: Jurors, hearken to your
3  verdict as the Court has recorded. You
4  say you find the defendant, Casey Dooley,
5  guilty and so say you all.
6  THE COURT: All right. On behalf of
7  the citizens of Philadelphia, take this
8  opportunity to thank you for your jury
9  service. The service that you have
10 rendered could not have been done without
11 you. It is obvious that you listened to
12 the evidence and paid close attention and
13 were true to your verdict. I thank you
14 and you will now excuse the gag order is
15 lifted. Should you see any of the other
16 jurors, it's lifted. The case has been
17 concluded. Any parties are free to talk
18 at this point because the gag order in the
19 case is formally concluded and you've
20 reached a verdict. You can get your
21 personal effects and your jury service is
22 terminated.
23 Mr. Heywood, who may be here, but we'll
24 give you access. We'll make sure you get
25 on the elevator. You've been that route

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

76

iv

010312271JT5

1    several times before. You know the route. You know the
2    You know where to go to get the paycheck
3    for your service, so we thank you again.
4    Hope you enjoyed the lunch.
5              (Thereupon, the jury exits the
6    courtroom.)
7              THE COURT: Mr. Dooley, please rise.
8    Jury returned a verdict. We'll have a
9    sentencing in this case. We'll order
10   presentence investigation, mental health
11   evaluation. Bail is revoked all cases and
12   all charges. Set a sentencing date.
13   Sentencing date I'm looking —
14             MR. GILLISON: Judge, can we go into —
15   only because July is a bad month for me
16   and August it may be finally getting some
17   honest vacation, can we go into September
18   by chance?
19             THE COURT: What kind of vacation are
20   you going in August?
21             MR. GILLISON: Probably be taking some
22   courses and I'll be unavailable, at least,
23   the first two weeks. If you want to make
24   it the third week of August, that's fine.
25             THE COURT: Are you available the third

77

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

010312271JT5

1    week of August?
2              MR. MC CANN: I'll make myself
3    available. The third week of August is
4    fine.
5              MR. MC CANN: Or the last week of
6    August, if you want. I think my child
7    starts school the last week of August, so
8    I can't do that as well.
9              THE COURT: We'll go August 15th. Bail
10   is revoked. We've gone out so far the
11   sentencing will not be postponed under
12   these circumstances. All attorneys are
13   attached. This is more than enough time
14   for any presentence investigation, mental
15   health reports to be done. This date is
16   set in stone. There will be no delays
17   from this date.
18             MR. MC CANN: Very well, Your Honor.
19             MR. GILLISON: That's fine.
20             THE COURT: And it will go in the
21   morning so we'll go — sentencing will go
22   approximately 10 o'clock in the morning on
23   that day. Any parties for the defense or
24   the Commonwealth or victims in the case or
25   friends or relatives or victims and the

78

ROBIN BOBBIE, RPR
OFFICIAL COURT REPORTER

01031227.JTS

79

1   case will go approximately 10 o'clock on

2   August 15th in this courtroom. There will

3   be no delays, no postponements.

4   MR. GILLISON:   Thank you, Judge.

5   MR. MC CANN:   Thank you, Your Honor.

6   (Whereupon, case concluded.)

7         - - -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ROBIN ROBBIE, RPR
OFFICIAL COURT REPORTER

# APPENDIX



0103243

IN THE COURT OF COMMON PLEAS

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

COMMONWEALTH                    :

            V.                   :        MARCH TERM, 2001

CASEY DOOLEY                     :

                                 :        NO. 1243

                                 :

S E N T E N C I N G

THURSDAY, AUGUST 15TH, 2002
CRIMINAL JUSTICE CENTER
1301 FILBERT STREET
COURTROOM 804
PHILADELPHIA, PENNSYLVANIA

BEFORE:    THE HONORABLE RAYFORD A. MEANS, JUDGE

---

APPEARANCES:

            EDWARD McCANN, ESQUIRE
            ASSISTANT DISTRICT ATTORNEY
            FOR THE COMMONWEALTH

            EVERETT GILLISON, ESQUIRE
            VINCENT CORRIGAN, ESQUIRE
            COUNSELORS FOR THE DEFENDANT

REPORTED BY:    CAROLYN QUEEN
                OFFICIAL COURT REPORTER

I N D E X

| WITNESS | DR | CR | RDR | RCR |
|---|---|---|---|---|
| COMMONWEALTH'S EVIDENCE | | | | |
| CASEY DOOLEY | 4 | | | |
| CASSANDRA FOR LOCKHART | 9 | | | |

| | MARKED | ADMITTED |
|---|---|---|
| EXHIBITS | | |
| DEFENDANT'S EVIDENCE | | |

(CASEY DOOLEY, SWORN)

- - -

THE COURT: ALL RIGHT, THIS IS THE CASE OF CASEY DOOLEY. IT'S HERE FOR SENTENCING, AND THE LAWYERS ARE PRESENT. WE HAVE DISTRIBUTED ALL OF THE PRESENTENCE INVESTIGATIONS AND REPORTS.

DEFENSE?

MR. GILLISON: EVERETT GILLISON REPRESENTING MR. DOOLEY, ALONG WITH MR. CORRIGAN. THE FINDING OF GUILTY, HIT MENTALLY ILL BY THE JURORS, WE SHOULD AT LEAST BY ATTENTION TO THE MENTAL HEALTH FINDING.

15

I HAVE, OF COURSE, REVIEWED THE TRIAL NOTES DURING THE COURSE OF THE TRIAL IN PREPARATION FOR THE SENTENCING. I HAVE TAKEN INTO CONSIDERATION THE MEDICAL RECORDS AND THE REPORTS, AND ALSO THE MEDICAL TESTIMONY FROM BOTH SIDES REGARDING THE INSANITY OR SANITY OF THE DEFENDANT. IN REVIEWING THE CASE, FIRST, THE JURORS LISTENED AND RETURNED THE VERDICT. I HAD AN OPPORTUNITY TO LISTEN TO THE VICTIMS WHO APPEARED HERE. OF COURSE, I HAVE TAKEN INTO CONSIDERATION THE PURPOSE OF THE LEGISLATURE IN PASSING CERTAIN LAWS. I HAVE TAKEN INTO CONSIDERATION THE ENTIRE PRESENTENCE REPORT AND THE ARGUMENTS OF COUNSEL. IN FORMULATING A SENTENCE, I HAVE, IN FACT, CONSIDERED THE PROTECTION TO SOCIETY THAT'S NECESSARY. I HAVE CONSIDERED THAT, AND REALIZE THAT THE DEFENDANT NEEDS SOME PSYCHIATRIC ASSISTANCE. I HAVE CERTAINLY TAKEN THE TESTIMONY OF THE VICTIMS INTO CONSIDERATION. I HAVE ALSO CONSIDERED THE FAMILIES OF THE VICTIMS, BECAUSE THE FAMILIES HAVE SUFFERED JUST AS MUCH, IF NOT MORE, AND THE DEFENDANT HAS TO BE PUNISHED FOR THE CRIMES THAT THE JURORS CONVICTED HIM OF.

THE DEFENDANT WILL PAY TWO HUNDRED AND EIGHT DOLLARS IN FINES AND COSTS. THE RESTITUTION FORMS ARE APPROVED AND ARE MADE A PART OF THE RECORD, AND THE VICTIMS WILL BE ELIGIBLE FOR PAYMENT FROM THE VICTIM COMPENSATION FUND.

I'LL ALSO IMPOSE A FINE ON THE DEFENDANT OF TWENTY-FIVE THOUSAND DOLLARS, AND I'LL ALSO ORDER RESTITUTION IF THE DEFENDANT SHOULD COME INTO SOME ASSETS. THAT'S ONE HUNDRED THOUSAND DOLLARS TO EACH VICTIM.

16

THE AGGRAVATED ASSAULT AND THE ATTEMPTED MURDER WILL MERGE. I'LL IMPOSE A SENTENCE, BUT IT WILL BE CONCURRENT AND THEY WILL RUN TOGETHER BECAUSE THEY DO MERGE. SO IT WILL BE TEN TO TWENTY AND TWENTY TO FORTY ON EACH AGGRAVATED ASSAULT, AND ON EACH TWENTY TO FORTY ON EACH OF THE ATTEMPTED MURDERS TO THE FIVE VICTIMS. THE AGGRAVATED ASSAULTS WILL RUN ON EACH VICTIM AND WILL RUN CONCURRENT WITH THE ATTEMPTED MURDER.

HE WAS ALSO CONVICTED OF P.I.C.C., WHICH IS AN M-1.

MR. GILLISON: YES.

THE COURT: THAT SENTENCE IS TWO AND A HALF TO FIVE YEARS. HE'LL SERVE THE SENTENCES OF THE ATTEMPTED MURDER, TWENTY TO FORTY YEARS, CONSECUTIVELY, AND HE'LL SERVE THE POSSESSION OF AN INSTRUMENT OF CRIME CONSECUTIVELY, SO THE TOTAL SENTENCE WILL BE ONE HUNDRED AND TWO AND A HALF TO TWO HUNDRED AND FIVE YEARS.



# *APPENDIX*



XI

2017

**Final Appeal Decision**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Casey Dooley | Inmate Number: | FB7702 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 691710 | | |
| Publication (if applicable): | | | |

| Decision: | ☒ Uphold Response (UR) |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Uphold in part/Deny in part |

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Frivolous |
|---|---|

In your grievance and appeal you continue to assert that you should be properly identified as a "D" roster individual and be provided the associated mental health treatment. Your concerns have been reviewed by staff in the Psychology Office.

It has been found that your court documents were reviewed and found to not identify you as "Guilty but Mentally Ill". Because you do not like or agree with the interpretation of your court documents does not give any further merit to your claims. If you do not agree with the court documents, this should be addressed with the Judge and the court. Therefore, this office upholds the responses provided to you and your requested relief is denied.

| Signature: | Dorina Varner   *Lori McCabe for* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 12/8/17 |

DLV/KLM

cc:   DC-15/Superintendent Kauffman
      Grievance Office

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-F*

XII



CASEY DOOLEY
#FB7702
1100 PIKE ST.
HUNTINGDON, PA. 16654-1112

RECEIVED
SCRANTON

DEC 3 0 2020

PER _____
DEPUTY CLERK

INMATE MAIL
PA. DEPARTMENT
OF CORRECTIONS

U.S. District Court
Clerk of court
P.O. Box 1148
Scranton, Pa. 18501-1148

PRIORITY MAIL
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★ ★ ★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use

USPS TRACKING #

9114 9023 0722 4287 1940 67

LEGAL MAIL