## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CASEY DOOLEY,

          Plaintiff,

        v.

JOHN E. WETZEL, Secretary of the
Pa. D.O.C., et al.,

          Defendants.

CIVIL ACTION NO. 3:18-cv-01310

(MARIANI, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a federal civil rights action, brought under 42 U.S.C. § 1983.
The plaintiff, Casey Dooley, is a state prisoner incarcerated at SCI
Huntingdon, located in Huntingdon County, Pennsylvania. The action as
commenced when Dooley filed his original *pro se* complaint in state court
in May 2018. The original complaint named three defendants: (1) John
E. Wetzel, the state secretary of corrections; (2) Kevin Kauffman, the
superintendent of SCI Huntingdon; and (3) Richard A. Goss, a licensed
psychology manager at SCI Huntingdon. The action was then timely
removed to this federal district court by the defendants, pursuant to 28
U.S.C. § 1441(a). (Doc. 1.)

This court initially dismissed the original complaint *sua sponte* as

frivolous, but that ruling was vacated on appeal by the Third Circuit and remanded for further proceedings. *See Dooley v. Wetzel*, 957 F.3d 366 (3d Cir. 2020). On remand, this court considered the original complaint a second time and dismissed it for failure to state a claim upon which relief can be granted, but with leave to file an amended complaint. *See Dooley v. Wetzel*, Civil Action No. 3:18-cv-01310, 2020 WL 5265578 (M.D. Pa. May 21, 2020), Doc. 28, *report and recommendation adopted by* 2020 WL 5260677 (M.D. Pa. Sept. 3, 2020), Doc. 35. In doing so, this court found that the original complaint failed to plausibly allege any personal involvement by the three named defendants in the purportedly unconstitutional conduct. *See id.* at \*7–\*8.

On December 30, 2020, the plaintiff timely filed his *pro se* first amended complaint. (Doc. 39.) The first amended complaint dropped one of the original named defendants[1] and added three new defendants: (1) Jessica Cousins, a board-certified psychiatric-mental health nurse practitioner at SCI Huntingdon; (2) Mr. Sisto, a psychological services specialist at SCI Huntingdon; and (3) Ms. McMannon, a psychological

---

[1] The first amended complaint omitted Kauffman from its roster of named defendants, so the clerk terminated him as a party to this action.

services specialist at SCI Huntingdon.

One of the newly added defendants, Cousins, filed a motion to dismiss the claims against her.[2] On April 12, 2022, the motion was granted and Dooley's claims against Cousins were dismissed for failure to state a claim upon which relief can be granted. (Doc. 106; *see also* Doc. 99.) In that order, however, the plaintiff was granted leave to file an amended complaint. (Doc. 106; *see also* Doc. 99.)

On July 27, 2022, the plaintiff timely filed his *pro se* second amended complaint. (Doc. 118.) In separate motions, the defendants have now moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. (Doc. 119; Doc. 121.) Both motions are fully briefed and ripe for decision. (Doc. 120; Doc. 122; Doc. 129; Doc. 130.)

## I.   BACKGROUND

On June 6, 2002, following a trial, a jury found Dooley guilty but mentally ill on five counts of attempted murder, five counts of aggravated assault, and one count each of reckless endangerment and possession of an instrument of crime. *See Dooley v. SCI Huntingdon Superintendent,*

---

[2] The other defendants answered the first amended complaint.

No. 09-5755, 2010 WL 4909604 (E.D. Pa. Nov. 30, 2010) (denying a § 2254 habeas petition), *certificate of appealability denied*, No. 10-4623 (3d Cir. Mar. 16, 2011). On August 15, 2002, the state court sentenced Dooley to serve an aggregate term of 102½ to 205 years in prison. *See id.* Dooley appealed, and on April 7, 2004, the Superior Court of Pennsylvania affirmed his sentence in part and reversed it in part, vacating the five concurrent sentences for aggravated assault but leaving his aggregate sentence of 102½ to 205 years imprisonment undisturbed. *See id.* Dooley sought allocatur in the Supreme Court of Pennsylvania, which was denied on December 29, 2004. *See id.*

Dooley sought post-conviction relief by filing a PCRA petition in state court, which was dismissed as meritless on June 1, 2007. *See id.* He appealed, and on April 2, 2008, the Superior Court of Pennsylvania affirmed the PCRA court's determination. *See id.* Dooley sought allocatur in the Supreme Court of Pennsylvania, which was denied on June 23, 2009. *See id.*

Dooley subsequently sought federal habeas relief in this Court. *See id.* On November 30, 2010, his federal habeas petition was dismissed on procedural default grounds. *See id.* Dooley appealed to the Third Circuit,

which denied his request for a certificate of appealability on March 16, 2011. *See Dooley v. Lawler*, No. 10-4623 (3d Cir. Mar. 16, 2011). He did not seek certiorari review by the Supreme Court of the United States.

In his second amended complaint, Dooley claims that the several named defendants have deprived him of his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process under the Fourteenth Amendment.[3] He alleges that the defendants have been deliberately indifferent to his serious medical needs because they have failed to classify him as a "D Code" inmate, thereby denying him access to unspecified mental health treatment programs. Dooley contends that the jury's finding in June 2002 that he was "guilty but mentally ill" should operate as a *per se* finding that he

---

[3] The second amended complaint contains only cursory references to the Fourteenth Amendment and due process. One of these references is accompanied by an allegation that the defendants failed to comply with an administrative policy promulgated by the state department of corrections, which purportedly demonstrates deliberate indifference by the defendants. Based on this, we have liberally construed the plaintiff's ambiguous references to violation of his Fourteenth Amendment due process rights as an attempt to assert *both* procedural and substantive due process claims. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

suffers from a serious mental illness and is entitled to receive unspecified mental health treatment (whatever is provided to "D Code" inmates) while incarcerated. He further contends that this same conduct is a violation of his substantive due process rights, and that the defendant's failure to comply with certain statewide prison regulations or policies is a violation of his procedural due process rights. He seeks an award of compensatory and punitive damages against each of the defendants.

## II.   LEGAL STANDARDS

### A. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice."[4] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F.

---

[4] The plaintiff has attached documentary exhibits to his brief in opposition to the motion to dismiss, which we have excluded from our consideration under Rule 12(b)(6) as matters outside the pleadings. *See generally* Fed. R. Civ. P. 12(d). We have, however, considered these documents in connection with our determination of whether the plaintiff should be granted leave to amend. *See Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 350 n.4 (S.D.N.Y. 2016) (considering evidence outside the pleadings for limited purpose of whether to grant leave to amend); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1078 (C.D. Cal. 2009) ("A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend."); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 445 (S.D.N.Y. 2004).

Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions by prisoners concerning prison conditions. *See* 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). Both statutes apply to cases removed from state court. *See Bell v. Rothrock*, No. 4:18-cv-02177, 2020 WL 1288484, at *4–*9 (M.D. Pa. Jan. 30, 2020) (applying § 1915A(b)(1) and § 1997e(c)(1) to a prisoner civil action removed from state court), *report & recommendation adopted by* 2020 WL 1244595 (M.D. Pa. Mar. 16, 2020); *Carrasquillo v. DelBalso*, No. 3:19-cv-0853, 2019 WL 7562729, at *4 (M.D. Pa. Dec. 18, 2019) (same), *report & recommendation adopted by* 2020 WL 201729 (M.D. Pa. Jan. 10, 2020);

*accord Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) (§ 1915A(b)(1)); *Johnson v. Bova*, No. 1:13-CV-2784, 2014 WL 2580080, at *2 (N.D. Ohio June 9, 2014) (§ 1915A(b)(1)); *Jae v. Stickman*, No. 12-1332, 2012 WL 5830633, at *1 & n.2 (W.D. Pa. Nov. 16, 2012) (§ 1997e(c)(1)). The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1) or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

## III.   DISCUSSION

Dooley has brought this federal civil rights action under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but

instead provides remedies for rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

## A. Personal Involvement of Secretary Wetzel

The second amended complaint seeks to hold defendant Wetzel liable for the allegedly wrongful conduct of the other defendants based solely on his role as the statewide head of the department of corrections.

The defendants have moved to dismiss the plaintiff's claims against Wetzel for failure to state a claim, arguing that the second amended complaint fails to allege any facts to suggest his personal involvement in any unconstitutional conduct.[5] The plaintiff has filed a brief in opposition

---

[5] The second amended complaint fails to allege any facts to establish personal involvement by Wetzel, relying solely on Wetzel's
*(continued on next page)*

to the defendants' motion to dismiss, but his brief fails to address this issue at all. The defendants contend that, in failing to respond to this argument, Dooley has waived or abandoned his claims against Wetzel.

The defendants' argument is well taken. The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev.*

---

failure to respond to Dooley's submission of a DC-135A (inmate request to staff member) form, by which Dooley purportedly notified Wetzel of his subordinates' failure to comply with departmental policy concerning D-code status, as Dooley understood it. But, as we previously explained in recommending dismissal of the original complaint, this is insufficient to state a plausible claim upon which relief can be granted. *See Dooley*, 2020 WL 5265578, at *7–*8.

*Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012).

Accordingly, it is recommended that the plaintiff's § 1983 claims against defendant Wetzel be dismissed as waived or abandoned, or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Substantive Due Process Claims

The second amended complaint appears to assert a Fourteenth Amendment substantive due process claim, based on the defendants' alleged deliberate indifference to the plaintiff's serious medical needs.

The defendants have moved to dismiss the plaintiff's substantive due process claims for failure to state a claim, arguing that, because the plaintiff is a convicted prisoner, any such substantive due process claim must be dismissed as duplicative of his Eighth Amendment claims.[6] The

---

[6] The plaintiff is a convicted prisoner subject to the protections of the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). Consequently, his subjective due process claims must be dismissed because they are barred by the "more-specific-provision rule." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998)). "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive *(continued on next page)*

plaintiff has filed a brief in opposition to the defendants' motion to dismiss, but his brief fails to address this issue at all. The defendants contend that, in failing to respond to this argument, Dooley has waived or abandoned his substantive due process claims.

The defendants' argument is well taken. As noted above, the filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis*, 274 Fed. App'x at 185; *Levy-Tatum*, 183 F. Supp. 3d at 712; *D'Angio*, 34 F. Supp. 2d at 265; *see also LeBrun*, 470 F. Supp. 3d at 460; *Celestial Cmty. Dev. Corp.*, 901 F. Supp. 2d at 578.

Accordingly, it is recommended that the plaintiff's § 1983 substantive due process claims be dismissed as waived or abandoned, or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## C. Procedural Due Process Claims

The second amended complaint appears to assert a Fourteenth

---

due process.'" *Id.* (quoting *United States v. Lanier*, 520 U.S. 259, 271 n.7 (1997)); *see also Korth v. Hoover*, 190 F. Supp. 3d 394, 406 (M.D. Pa. 2016); *Hunter v. Prisbe*, 984 F. Supp. 2d 345, 350–51 (M.D. Pa. 2013).

Amendment procedural due process claim, based on the defendants' failure to comply with state law, regulations, or policies concerning mental health classification of inmates. The defendants' motion papers do not appear to address the substance of this claim.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Attorney Gen.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). "[I]t is well-settled that an inmate has no constitutionally protected liberty interest in his . . . classification." *Hawkins v. Brooks*, 694 F. Supp. 2d 434, 445 (W.D. Pa. 2010). It is also well-settled that "[t]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Woods v. Bowlin*, Civil Action No. 2:20-cv-1376, 2021 WL 3425679, at *5 (W.D. Pa. July 14, 2021) (quoting *Phillips v. Norris*, 320

F.3d 844, 847 (8th Cir. 2003) (brackets omitted)).[7] In the absence of any protected liberty interest, the second amended complaint clearly fails to plausibly state a procedural due process claim upon which relief can be granted.

Accordingly, it is recommended that the plaintiff's § 1983 procedural due process claims be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(b)(1) and 42 U.S.C. § 1997e(c)(1).

### D. Deliberate Indifference Claims

The second amended complaint asserts Eighth Amendment deliberate indifference claims against the remaining defendants. Dooley alleges that each of the remaining defendants ignored or refused his

---

[7] To the extent that Dooley has intended to seek relief for the violation of statewide prison policies directly, without reference to any federal constitutional rights, these regulations are simply not cognizable under 42 U.S.C. § 1983. *See Faircloth v. Schwartz*, Civil Action No. 12-cv-02764-REB-KLM, 2014 WL 4466663, at *21 (D. Colo. Sept. 10, 2014) ("[Because] administrative regulations cannot create private causes of action outside the scope of substantive rights . . . [an inmate] has no right to enforce prison regulations through a private legal action, except to the extent that those regulations implicated constitutional rights.") (citing *Alexander v. Sandoval*, 532 U.S. 275, 289–93 (2001)); *see also Bullard v. Scism*, 449 Fed. App'x 232, 235 (3d Cir. 2011) (per curiam) ("[E]ven if the [BOP's] regulation were violated, its violation is not actionable.").

requests to recognize his "guilty but mentally ill" verdict and to reclassify him with a "D-Code" stability rating. This classification would have made him eligible to participate in unspecified mental health programs.

The second amended complaint alleges that Dooley suffers from several discrete mental health diagnoses, and that each of the remaining defendants was aware of his mental health issues. Other than the allegation that he was denied "D code" status, he does not allege that he was denied mental health treatment, nor does he allege any facts at all to explain how the "D code" status he sought would constitute appropriate or necessary treatment for his serious mental health care needs. Indeed, the second amended complaint expressly acknowledges that Dooley has received mental health treatment while incarcerated, just not the mental health treatment he desires, which presumably would be available to him if he were to be reclassified as a D-Code inmate. The crux of Dooley's argument is not that he suffers from any particular serious mental illnesses that require additional or different mental health treatment, but that, under state law, a jury verdict of "guilty but

mentally ill" should mandate his classification as a D-Code inmate.[8]

Ultimately, the second amended complaint fails to allege any specific facts regarding the moving defendant's action or inaction to show that these defendants were deliberately indifferent to his serious medical needs. *See generally Dooley*, 957 F.3d at 375. Without alleging any specific facts regarding his mental health condition, the mental health treatment he contends is medically necessary, or the mental health treatment he has been denied, Dooley has simply failed to allege sufficient facts to demonstrate a plausible claim that the remaining defendants were deliberately indifferent to his serious medical needs. *See Warren Gen. Hosp.*, 643 F.3d at 84; *see also Dooley* 957 F.3d at 375. The second amended complaint only asserts that each of the remaining defendants failed to take some unspecified action to have him reclassified with a "D code" stability rating. But "it is well-established that prisoners have no constitutional right to placement in any particular prison, custody classification, or housing assignment." *Ruffin v. Superintendent Retreat SCI*, 689 Fed. App'x 112, 114 (3d Cir. 2017) (per curiam)

---

[8] Indeed, "crux" may be an understatement. The plaintiff focuses *exclusively* on his contention that his "guilty but mentally ill" verdict *per se* mandates his reclassification to a "D-Code" stability rating.

(affirming dismissal of § 1983 claim based on denial by prison officials of inmate's request to "be placed in D-Stability programming"). Moreover, a mere difference of opinion between prison medical staff and an inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

Accordingly, it is recommended that the plaintiff's § 1983 deliberate indifference claims be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### E. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Based on the allegations of the second amended complaint and the

plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," we find that further amendment would be futile. *See Kitko v. Young*, 575 Fed. App'x 21, 27 (3d Cir. 2014). It is therefore recommended that the second amended complaint be dismissed *without* leave to amend.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.    The defendants' motions to dismiss (Doc. 119; Doc. 121) be **GRANTED**;

2.    All § 1983 claims against defendant John E. Wetzel be **DISMISSED** as waived or abandoned, or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3.    The plaintiff's § 1983 substantive due process claims be **DISMISSED** as waived or abandoned, or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

4.    The plaintiff's § 1983 procedural due process claims be **DISMISSED** for failure to state a claim upon which relief can be granted,

pursuant to 28 U.S.C. § 1915(b)(1) and 42 U.S.C. § 1997e(c)(1);

5.    The plaintiff's § 1983 deliberate indifference claims be **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

6.    The clerk be directed to mark this case **CLOSED**.


Dated: December ___29___, 2022

_____
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CASEY DOOLEY,

        Plaintiff,

        v.

JOHN E. WETZEL, Secretary of the
Pa. D.O.C., et al.,

        Defendants.

CIVIL ACTION NO. 3:18-cv-01310

(MARIANI, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December ___29___, 2022. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: December ___29___, 2022

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge